IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANH TRUONG, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 09-3348 |
| | : | |
| DART CONTAINER | : | |
| CORPORATION, | : | |
| Defendant | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                  October 25, 2010

This is an employment discrimination case filed by Anh Truong and Cam Vo, who claim that their employment with Defendant Dart Corporation was terminated because of their race, their national origin, and their disability. The plaintiffs also claim that they were wrongfully discharged in retaliation for asserting workers' compensation claims; that they were both defamed by the defendant; and that the defendant invaded Miss Truong's privacy by intruding upon her right to seclusion. Miss Vo claims that she was discriminated against because of her "association" with Miss Truong. The defendant has filed a motion to dismiss. For the following reasons, I will grant the motion in its entirety.

**I. BACKGROUND**[1]

Defendant Dart manufactures cups, bowls, and other containers, and related goods

---

[1] The facts are gleaned from the complaint and the extrinsic documents upon which it is based. See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004). For the purposes of this motion, they are presented in the light most favorable to the plaintiffs, as the non-moving parties, and are accepted as true with all reasonable inferences drawn in their favor.

and accessories for food service and consumer use. It hired Miss Vo and Miss Truong as product "packers" in 1993 and 1994, respectively. See Am. Compl. ¶¶ 12, 14. The plaintiffs are Asian females born in Vietnam. Id. ¶¶ 11, 13. Miss Truong speaks Vietnamese and "little to no English." Id. ¶ 11. Miss Vo speaks Vietnamese and "broken English." Id. ¶ 13.

On February 8, 2008, Miss Vo was injured at work when she banged her head on a steel door. Id. ¶ 16. The amended complaint alleges that the injury "disabled Vo with a permanent facial scar and caused her to endure disabling headaches and impaired vision." Id. ¶ 17. Miss Vo visited the defendant's occupational health provider as a result of her injury. Id. ¶ 19.

Miss Truong also reported a work-related injury on February 6, 2008, claiming she injured her lower back as a result of repetitive "bending, twisting and lifting." Id. ¶ 22. Miss Truong's family physician "directed her" to report the alleged lower back injury to the defendant as work-related. Id. ¶ 26. Prior to this injury, Miss Truong was injured in an automobile accident in 2006, and underwent surgery on her neck. Id. ¶ 21. Following surgery, Miss Truong returned to work with restrictions in December 2007. Id. ¶ 21. As a result of those work restrictions, the defendant allowed her to perform "light duty" work. Id. ¶ 21.

On February 13, 2008, Miss Vo and Miss Truong were both at the defendant's occupational health care provider at the same time for medical appointments related to

their alleged work-related injuries.  Id. ¶ 26.  During the examination, Miss Vo translated between English and Vietnamese for Miss Truong.  Id. ¶ 26.

The amended complaint alleges that "Patti Scott, nurse case manager for defendant, and Sherry Mattis, workers' compensation personnel for defendant, published false statements to the examining physician, Dr. Julianne Thomas, falsely accusing Plaintiff Truong of reporting a work injury because 'she was denied a dayshift position.'" Id. ¶ 27.  During the physician's examination, Miss Truong revealed for the first time that she had pre-existing back pain and that she had been seeing a chiropractor for that pain for months.  The physician, in reliance on these alleged statements, determined that Miss Truong's injury was not work-related.  Id. ¶ 28.

The amended complaint further alleges that on February 18, 2008, the defendant falsely accused and suspended both plaintiffs for "falsification of records with intent to deceive the company."  Id. ¶ 29.  On February 20, 2008, the plaintiffs were terminated. Id. ¶ 30.

The plaintiffs allege that their employment was terminated for "reporting work injuries and claims for workers' compensation coverage," and that the defendant terminated them before it completed its investigation into the plaintiffs' workers' compensation claims.  Id. ¶¶ 31, 41.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure

for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which she bases her claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

4

## III. DISCUSSION

### A. Employment Discrimination based on Race and/or National Origin

1. <u>Violation of Title VII</u>

The plaintiffs allege in Count Two that their employment was terminated because of their race and/or their national origin in violation of Title VII. In order to state a *prima facie* case of employment discrimination, a plaintiff must allege (1) that she is a member of a protected class; (2) that she is qualified for the position; (3) that she suffered an adverse employment action; and (4) that the circumstances of the case give rise to an inference of unlawful discrimination. <u>Jones v. School Dist. of Philadelphia</u>, 198 F.3d 403, 411 (3d Cir. 1999).

It was not incumbent on the plaintiffs to plead in their amended complaint the facts necessary to establish a *prima facie* case under the familiar burden-shifting framework of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 (2002). Their amended complaint, however, "must satisfy . . . the simple requirements of Rule 8(a)."[2] <u>Id.</u> at 513. Following the Supreme Court's decision in <u>Twombly</u>, Rule 8(a) now requires that the facts in a complaint plausibly suggest that the pleader is entitled to relief. <u>Wilkerson v. New Media Tech. Charter Sch.</u>, 522 F.3d

---

[2] Rule 8(a) of the Federal Rules of Civil Procedure provides that a "pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

315, 321 (3d Cir. 2008) (holding that <u>Twombly</u> applies to employment discrimination claims). Accordingly, to state a claim, a plaintiff must state enough factual matter, taken as true, to suggest the required element, which does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008).

In <u>Swierkiewicz</u>, the Supreme Court held that a complaint of race-based discrimination under Title VII was sufficient when the complaint detailed the events leading to the plaintiff's termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination. 534 U.S. at 514. In <u>Wilkerson</u>, the Third Circuit Court of Appeals held that the plaintiff's Title VII retaliation complaint was sufficient when the plaintiff alleged that her employment was terminated due to her religious beliefs, her refusal to engage in a "libations ceremony," and her complaints related to the ceremony. 522 F.3d at 322.

In contrast, the facts the plaintiffs have alleged here are far less specific than those the plaintiffs alleged in either <u>Swierkiewicz</u> or <u>Wilkerson</u>. The following is the sum total of the relevant factual allegations in the amended complaint regarding the claim that the defendant fired the plaintiffs because of their race and/or national origin: The plaintiffs began working for the defendant in 1993 and 1994. They are Asian females, born in Vietnam, and speak little English. In February 2008, their employment was terminated

allegedly for falsification of records with intent to deceive the company. The plaintiffs also baldly assert that "Defendant Dart Container discriminated against the plaintiffs and treated them differently, disparately, wrongfully suspended, and wrongfully discharged them because of their common native language, Vietnamese, their Asian race, color, ethnicity and Vietnamese nationality. Defendant has a pattern and practice of disparate treatment and discrimination against nonwhite employees (because of their race, color, ethnicity, and/or nationality)." See Am. Compl. ¶ 33. Notwithstanding this contention, the plaintiffs have failed to plead any facts that suggest that their terminations had anything whatsoever to do with their race or national origin. The only allegations respecting race or national origin discrimination are wholly conclusory and do not allege any actual underlying factual matter. Without some factual basis, the allegations simply restate the elements of a *prima facie* case of employment discrimination based on race and national origin, and are not entitled to the presumption of truth. These bare allegations do not plausibly suggest that the plaintiffs are entitled to relief, and are insufficient under Rule 8(a) to state a claim upon which relief can be granted. Twombly, 550 U.S. at 564. Accordingly, I will dismiss Count Two of the amended complaint alleging a violation of Title VII.

    2. Violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981)

Count One of the amended complaint alleges that the conduct of the defendant constitutes a violation of the Civil Rights Act of 1866. The Third Circuit Court of

allegedly for falsification of records with intent to deceive the company. The plaintiffs also baldly assert that "Defendant Dart Container discriminated against the plaintiffs and treated them differently, disparately, wrongfully suspended, and wrongfully discharged them because of their common native language, Vietnamese, their Asian race, color, ethnicity and Vietnamese nationality. Defendant has a pattern and practice of disparate treatment and discrimination against nonwhite employees (because of their race, color, ethnicity, and/or nationality)." See Am. Compl. ¶ 33. Notwithstanding this contention, the plaintiffs have failed to plead any facts that suggest that their terminations had anything whatsoever to do with their race or national origin. The only allegations respecting race or national origin discrimination are wholly conclusory and do not allege any actual underlying factual matter. Without some factual basis, the allegations simply restate the elements of a *prima facie* case of employment discrimination based on race and national origin, and are not entitled to the presumption of truth. These bare allegations do not plausibly suggest that the plaintiffs are entitled to relief, and are insufficient under Rule 8(a) to state a claim upon which relief can be granted. Twombly, 550 U.S. at 564. Accordingly, I will dismiss Count Two of the amended complaint alleging a violation of Title VII.

    2. Violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981)

Count One of the amended complaint alleges that the conduct of the defendant constitutes a violation of the Civil Rights Act of 1866. The Third Circuit Court of

Appeals has applied the same analysis used to evaluate employment discrimination claims brought under Title VII, to employment discrimination claims brought under Section 1981 of the Civil Rights Act of 1866, because "the substantive elements of a claim under Section 1981 are generally identical to the elements of an employment discrimination claim under Title VII." Brown v. J. Kaz, Inc., 581 F.3d 175, 181-182 (3d Cir. 2009). To set forth a claim under 42 U.S.C. § 1981, a plaintiff must allege, *inter alia*, "an intent to discriminate on the basis of race by the defendant." Carpenter v. Ashby, 351 Fed. Appx. 684, 687 n. 6 (3d Cir. 2009). Here, inasmuch as the plaintiffs' amended complaint can be construed to include an employment discrimination claim under the Civil Rights Act of 1866, the claim lacks merit for the same reason as the claim alleging a violation of Title VII. The plaintiffs have failed to allege any facts from which a discriminatory animus on the part of the defendant might be inferred. Accordingly, I will also dismiss Count One of the amended complaint alleging a violation of the Civil Rights Act of 1866.

3. Violation of the Pennsylvania Human Relations Act

Count Four of the amended complaint alleges that the defendant's conduct described constituted a violation of the Pennsylvania Human Relations Act. While Pennsylvania courts are not bound in their interpretations of Pennsylvania law by federal interpretations of parallel provisions in Title VII, the ADA, or the ADEA, its courts nevertheless generally interpret the PHRA in accord with its federal counterparts. Gomez v. Allegheny Health Servs., Inc., 71 F.3d 1079, 1083-84 (3d Cir. 1995); see also

8

Anderson v. Wachovia Mortgage Corp., 2010 U.S. App. LEXIS 19071 (3d Cir. 2010) (courts typically treat a plaintiff's PHRA claim as coextensive with her federal counterparts). Consequently, for the same reasons as the claims above, I find that the plaintiffs have failed to establish a violation of the PHRA. I will also dismiss Count Four of the amended complaint alleging a violation of the PHRA.

### B. Violation of the Americans with Disabilities Act

In Count Three of the amended complaint, the plaintiffs allege that "the conduct by Defendant Dart Container described above constitutes violations of the Americans With Disabilities Act, as amended." See Am. Compl. ¶ 56. The ADA provides that "no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." Turner v. The Hershey Company, 440 F.3d 604, 607-608 (3d Cir. 2006) (quoting 42 U.S.C. § 12112(a)). Accordingly, in order to establish a *prima facie* case of disability employment discrimination, a plaintiff must demonstrate the existence of the following elements: (1) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) she suffered an adverse employment decision as a result of the discrimination. Colwell v. Rite Aid, et al., 602 F.3d 495, 504 (3d Cir. 2010).

9

Here, the defendant concedes, for the purposes of its motion to dismiss only, that the plaintiffs have established the first two elements of the *prima facie* case. The defendant argues, however, that the plaintiffs have not alleged sufficient factual matter to suggest plausibly that their terminations were *because of* their alleged disabilities. I agree.

The plaintiffs have not alleged sufficient factual matter to suggest that the defendant terminated their employment based on their alleged disabilities. A review of the relevant facts alleged in the amended complaint reveals: (1) the plaintiffs were both injured at work in separate incidents, and Miss Truong had a previous injury from an automobile accident, see Am. Compl. ¶¶ 16, 21, 22; (2) both of the plaintiffs reported their allegedly work-related injuries to the defendant, id. ¶¶ 19, 22; (3) the defendant believed that Miss Truong's injury was not work-related and was reported only because she was denied a transfer to a dayshift position, and it so advised the company physician examining Miss Truong, id. ¶ 27; (4) the company physician relied on the transfer denial information, and determined that Miss Truong's alleged injury was not work-related but reported because she was denied a transfer to dayshift, id. ¶ 28, see also Am. Compl. Exh. G; (5) Miss Vo acted as a translator for Miss Truong during the company physician's examination of Miss Truong, id. ¶ 26, see also Am. Compl. Exh. G; and (6) the defendant subsequently suspended and discharged both of the plaintiffs for their respective roles in which it believed to be a "falsification of records with intent to deceive the company," id.

¶¶ 29, 30.

These allegations are insufficient to state a claim that the plaintiffs were terminated *because of* their alleged disabilities, or to state a claim for disability discrimination. All of the disability-related allegations found in the amended complaint are nothing more than threadbare recitals of the elements of the cause of action, supported by mere conclusory statements. Further, they do not allow the court to draw a reasonable inference that the defendant is liable for employment discrimination based on disability. What these allegations allow, however, is the reasonable inference that the defendant terminated Miss Truong's employment because it believed that she had fraudulently reported her pre-existing back injury to the defendant as a work-related injury, and that she did so because she had been denied a transfer to a different shift. The allegations also show that the defendant terminated Miss Vo because the defendant believed that, as Miss Truong's translator, Miss Vo was complicit in the fraud.

The amended complaint establishes that the defendant's actions were based not on the existence of a disability, but on what it perceived to be a fraudulent reporting of an injury. There is no factual basis to show that the plaintiffs' alleged disabilities motivated the defendant's actions in deciding to terminate the plaintiffs. "Where the facts pled do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not 'shown,' that the pleader is entitled to relief within the meaning of Rule 8(a)(2)." See Ashcroft, et al. v. Iqbal, et al., 129 S. Ct. 1937, 1950 (2009).

Likewise, to the extent that this count can be construed as an association discrimination claim under the ADA, it must also fail for a lack of factual basis. The amended complaint alleges that "Defendant Dart Container discriminated against Plaintiff Vo and treated her differently, disparately, wrongfully suspended and wrongfully discharged her because of her association with Anh Truong, a Vietnamese speaking disabled Asian co-worker likewise born in Vietnam." See Am. Compl. ¶ 38.

The ADA recognizes a cause of action for discrimination against one "associated with" a disabled person. See 42 U.S.C. § 12112(b)(4). In order to state an "association" claim, however, Miss Vo would have had to allege sufficient factual matter to "show" that she was terminated because of her association with Miss Truong. Again, there are no facts pled to show that Miss Vo's alleged association with Miss Truong was a motivating factor in the decision to terminate Miss Vo's employment. The relevant facts alleged indicate that Miss Vo acted as an interpreter for Miss Truong when it believed that Miss Truong fraudulently reported a pre-existing back injury to be new and work-related. The defendant terminated Miss Vo for what it believed to be her complicity in the fraud. No factual allegations were offered to suggest that Miss Vo would have been terminated absent her role in what the defendant believed a fraud on the company. Accordingly, I will dismiss Count Three in the amended complaint, which alleges violations of the ADA.

**C. Violation of the Pennsylvania Workers' Compensation Act**

Count Five of the amended complaint alleges that the plaintiffs were terminated

for exercising their statutorily-protected rights under the Pennsylvania Workers' Compensation Act, and that that termination violated public policy. This claim is also meritless.

In Pennsylvania, an employer generally may discharge at-will employees such as the plaintiffs "with or without cause, at pleasure." Shick v. Shirey, 716 A.2d 1231, 1233 (Pa. 1998); see also Geary v. U.S. Steel Corp., 319 A.2d 174, 176 (Pa. 1974) (absent a statutory or contractual provision to the contrary, the law has taken for granted the power of either party to terminate an employment relationship for any or no reason); Krajsa v. Keypunch, Inc., 622 A.2d 355, 358 (Pa. Super. Ct. 1993) (an at-will employee may be terminated for good reason, bad reason, or no reason at all). This "privilege to dismiss an employee with or without cause is not absolute, however, and may be qualified by the dictates of public policy." Shick, 716 A.2d at 1233. Pennsylvania courts have recognized such public policy exceptions rarely and only where a clear mandate of public policy has been violated.

In Shick v. Shirey, an employee filed a workers' compensation claim after sustaining an injury to his left knee while pushing a cart on the job. 716 A.2d at 1232. On the day he was released to return to work by his physician, the employee notified his employer that he was available for work. Id. The employer informed him that he no longer had a job "due to his pursuit of his workers' compensation claim." Id. The Supreme Court of Pennsylvania agreed with the approach taken by the Supreme Court of

Indiana which held in a similar case:

> In order for the goals of the [Workmen's Compensation Act] to be realized and for public policy to be effectuated, the employee must be able to exercise his right in an unfettered fashion without being subject to reprisal. If employers are permitted to penalize employees for filing workmen's compensation claims, a most important public policy will be undermined. The fear of being discharged would have a deleterious effect on the exercise of a statutory right.

Shick, 716 A.2d at 1237 (quoting Frampton v. Central Indiana Gas Company, 297 N.E. 2d 425, 427 (1973). Accordingly, the Pennsylvania Supreme Court held that a "cause of action exists under Pennsylvania law for wrongful discharge of an employee who files a claim for workers' compensation benefits." 716 A.2d 1231, 1238 (Pa. 1998). Although the Pennsylvania courts have yet to enumerate the elements of this cause of action, several federal district courts in Pennsylvania have analogized this cause of action to a retaliatory discharge claim under Title VII. Dunsmuir v. May Dep't Stores Co., 120 Fed. Appx. 927, 929 (3d Cir. 2005) (citing Christman v. Cigas Mach. Shop, Inc., 293 F.Supp.2d 538, 543 (E.D. Pa. 2003)); Kennelly v. Pennsylvania Tpk. Comm'n, 208 F.Supp.2d 504, 517 (E.D. Pa. 2002); Landmesser v. United Air Lines, Inc., 102 F.Supp.2d 273, 277-278 (E.D. Pa. 2000)). Thus, an employee must establish: (1) that she engaged in protected activity; (2) that she suffered an adverse employment action either after or contemporaneous with the protected activity; and (3) that there is a causal connection between her protected activity and the employer's adverse action. Dunsmuir, 120 Fed. Appx. at 929 (citing Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 187

(3d Cir. 2003)); see also Deily v. Waste Management of Allentown, 55 Fed. Appx. 605, 608 (3d Cir. 2003) (a plaintiff must show that she asserted a workers' compensation claim, her employment was terminated, and there existed a causal connection between the two).

Here, the plaintiffs have alleged that they both asserted workers' compensation claims and that their employment was terminated. They have not, however, alleged anything factual to show that their employment was terminated *because* they asserted their rights to workers' compensation. To the contrary, the facts alleged show that the defendant believed Miss Truong had falsely asserted a workers' compensation claim, and that Miss Vo had assisted her in doing so. The plaintiffs have failed to show that the defendant engaged in unlawful retaliation because of the plaintiffs' worker's compensation claims. More is required than a mere allegation of "consistency with" the plaintiffs' theory of unlawful retaliation. See Iqbal, 129 S. Ct. at 1951. Moreover, it is not a violation of public policy or Pennsylvania law to terminate an employee for falsification of records with intent to deceive the company. Accordingly, I will dismiss Count Five of the amended complaint alleging a violation of public policy.

**D. Defamation & Invasion of Privacy**

The defamation and invasion of privacy claims in the amended complaint are barred by Pennsylvania's one-year statute of limitations on such actions. See 42 Pa.C.S. § 5523 (setting a one-year limitations period for invasion of privacy actions); see also Am.

15

Future Sys., Inc. v. Better Bus. Bureau of E. Pa., 923 A.2d 389, 392 n.2 (Pa. 2007) (one-year statute of limitations applies to defamation actions). The amended complaint alleges that the defendant "published" false and damaging statements about the plaintiffs on February 18, 2008. It also alleges that, on the same date, the defendant intruded into Miss Truong's right to solitude or seclusion of her private and personal affairs. The action was filed in this court on July 27, 2009, well beyond the one-year statutes of limitations. Accordingly, I will dismiss Counts Six and Seven as untimely.[3]

An appropriate Order follows.

---

[3] I note that although the defendant argued that these two claims were untimely, the plaintiffs did not address that argument in their response to the defendant's motion to dismiss.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANH TRUONG, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 09-3348 |
| | : | |
| DART CONTAINER | : | |
| CORPORATION, | : | |
| Defendant | : | |

# **O R D E R**

**AND NOW,** this   25th     day of October, 2010, upon consideration of the defendant's motion to dismiss (Document #3), the plaintiff's response thereto (Document #4), and the defendant's reply (Document #15), it is hereby ORDERED that the motion is GRANTED in its entirety.

The Clerk of Court shall mark this case CLOSED for all purposes.

BY THE COURT:


 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.