IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANH TRUONG, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 09-3348 |
| | : | |
| DART CONTAINER | : | |
| CORPORATION, | : | |
| Defendant | : | |

**M E M O R A N D U M**

**STENGEL, J.**　　　　　　　　　　　　　　　　　　　　　　**November 10, 2010**

The defendant seeks a modification to the Memorandum dated October 25, 2010 which dismissed the plaintiffs' amended complaint in its entirety. See Document #20. Specifically, because it waived its statute of limitations defense by stipulation in December 2009, the defendant asks for the plaintiffs' defamation and invasion of privacy claims to be decided on the merits, rather than being dismissed as untimely. The plaintiffs had timely brought those claims in a parallel action in the Court of Common Pleas of Lancaster County. The defendant waived its defense in exchange for the plaintiffs' withdrawal of their state court action. Accordingly, I will re-visit those claims and address them on their merits.[1]

**I. STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure

---

[1] Because I write for the parties who are already quite familiar with the factual and procedural history of this action, I will forgo its recitation in this memorandum.

for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which she bases her claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

## II. DISCUSSION

### A. Defamation – Count VI

The amended complaint alleges that the defendant "published" false and damaging statements about the plaintiffs on February 18, 2008. For example, in the employee warning notices issued to the plaintiffs, the defendant wrote that the plaintiffs had "falsi[fied] records with the intent to deceive the company." See Am. Compl. ¶ 70. Also, the defendant allegedly indicated to the company's Worknet physician that Miss Truong had "reported the work injury 'because she was denied a dayshift position.'" Id. ¶ 72. The physician allegedly relied upon that statement to deny Miss Truong an objective medical examination. Id.

Defamation is a communication which tends to harm an individual's reputation so as to lower him or her in the estimation of the community or deter third persons from associating or dealing with him or her. Elia v. Erie Ins. Exch., 634 A.2d 657, 660 (Pa. Super. 1993) (citing Zartman v. Lehigh County Humane Soc., 482 A.2d 266 (Pa. Super. 1984)). In an action for defamation in Pennsylvania, a plaintiff has the burden of proving: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. See 42 Pa.C.S. § 8343(a). To prevail, the

defendant in such an action must prove: (1) the truth of the defamatory communication; (2) the privileged character of the occasion on which it was published; and (3) the character of the subject matter of defamatory comment as of public concern. See 42 Pa.C.S. § 8343(b).

1. Statements Found in the Employee Warning Notices

Privilege is a defense to a claim of defamation. The contents of an employee's personnel file are entitled to an absolute privilege. Agriss v. Roadway Express, Inc., 483 A.2d 456, 463 (Pa. Super. 1984) (noting that one who publishes defamatory matter within the scope of an absolute privilege is immune from liability regardless of occasion or motive). In Agriss, the court held that the absolute privilege pertains to warning letters and notices of dismissal. Id. at 464. Furthermore, a copy of any warning letters sent to an employee's personnel file is also covered by the privilege. Id.

Here, the plaintiffs' employee warning notices are subject to an absolute privilege. As such, the plaintiffs cannot maintain a defamation cause of action based on the challenged statement found in such a communication.

2. Statement by the Defendant to the Worknet Physician

Unlike the first challenged statement, the statement that Miss Truong "reported a false work injury because she was denied first shift" is not subject to an absolute privilege. The statement is, however, conditionally privileged. A conditional privilege attaches to defamatory communications "made on a proper occasion, from a proper

4

motive, and in a proper manner," whenever "circumstances are such as to lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that facts exist which another sharing such common interest is entitled to know." Maier v. Maretti, 671 A.2d 701, 706 (Pa. Super. 1995). Examples of occasions giving rise to a conditional privilege are: (1) when some interest of the publisher of the defamatory matter is involved; (2) when some interest of the recipient of the matter or a third party is involved; or (3) when a recognized interest of the public is involved." Elia, 634 A.2d at 660. The qualified privilege also applies to communications between an employer and physicians with whom it contracts to examine employees who sustain on-the-job injuries. See Rigaud v. Garofalo, 2005 U.S. Dist. LEXIS 7791, *11-12 (E.D. Pa. May 2, 2005) (dismissing defamation claim pursuant to Federal Rule 12(b)(6) and stating "[h]ere, the communications between Defendants and Plaintiff's employer related to Plaintiff's treatment and care and are therefore conditionally privileged as a matter of law") (citing Elia, 634 A.2d at 659).

Here, the challenged statement that Miss Truong reported the work injury "because she was denied a dayshift position" was allegedly made during the course of the Worknet physician's examination of Miss Truong. The purpose of that examination was to determine the nature and extent of Miss Truong's injury, and whether the injury was work-related. The defendant, who is self-insured for worker's compensation claims, had an interest in having the physician accurately determine whether Miss Truong's injury

5

was work-related. Likewise, the Worknet physician had an interest in obtaining all relevant information to allow her to make an accurate assessment, as she was contracted by the defendant to do. The defendant and the Worknet physician shared a common interest in the subject of the challenged statement. Accordingly, the defendant had a conditional privilege to advise the Worknet physician of its belief that Miss Truong reported a work-related injury because she was denied a dayshift position.

Once a matter is deemed conditionally privileged, however, the plaintiff may take the opportunity to establish that the defendant abused that conditional privilege. <u>Michael Chicarella v. Frank S. Passant, et al.</u>, 494 A.2d 1109, 1113 (Pa. Super. 1985). Abuse of a conditional privilege is indicated when the publication: (1) is actuated by malice or negligence; (2) is made for a purpose other than that for which the privilege is given; (3) is made to a person not reasonably believed to be necessary for the accomplishment of the purpose of the privilege; or (4) includes defamatory matter not reasonably believed to be necessary for the accomplishment of the purpose. <u>Gail M. Beckman v. Richard S. Dunn, et al.</u>, 419 A.2d 583, 588 (Pa. Super. 1980).

The purpose of the defendant's statement to the physician was to provide the physician with all relevant information in order for the physician to make a proper assessment of Miss Truong's injury. The amended complaint baldly asserts that the defendant abused its conditional privilege because the statement was made "recklessly and maliciously." <u>See</u> Am. Compl. ¶¶ 41-46. Aside from those bald assertions, there is

6

nothing factual in the amended complaint to support a finding that the defendant's statements were made as the plaintiffs suggest. Certainly, the statement was provided to the physician solely to assist in the physician's assessment of the injury. Because they lack any factual basis in the amended complaint, I will disregard the plaintiffs' allegations that the defendant abused its conditional privilege.

Accordingly, because the plaintiffs have failed to state an actionable claim for defamation, I will grant the defendant's motion to dismiss Count VI on the merits.

**B. Invasion of Privacy – Count VII**

In Pennsylvania, there are four types of invasion of privacy: (1) publicity given to private life; (2) intrusion upon seclusion; (3) appropriation of name or likeness; and (4) publicity placing a person in a false light. Tucker v. Merck & Co., 102 Fed. Appx. 247, 256 (3d Cir. 2004); Vogel v. W.T. Grant Co., 327 A.2d 133, 136 (Pa. 1974).

Here, Miss Truong alleges that on February 18, 2008 the defendant intruded into her right to solitude or seclusion of her private and personal affairs, and her private and personal expectations of medical privacy and sanctity of the patient-physician relationship. See Am. Compl. ¶¶ 83, 84. She further alleges that this intrusion wrongfully influenced and impaired the medical provider's ability to evaluate her objectively. Id. ¶ 85. This claim also fails on its merits.

The Pennsylvania Supreme Court has not officially adopted the definition of intrusion upon seclusion as set forth in the Restatement (Second) of Torts; however, it has

7

relied upon Section 652B of the Restatement in analyzing such claims. Tagouma v. Investigative Consultant Services, Inc., et al., 2010 PA Super 147, 2010 Pa. Super. LEXIS 2099, *8, 4 A.3d 170 (Pa. Super. August 10, 2010). Section 652B of the Restatement (Second) of Torts defines intrusion upon seclusion as:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

Restatement (Second) of Torts § 652B; see also Borse v. Piece Goods Shop, Inc., 963 F.2d 611, 620 (3d Cir. 1992); Harris by Harris v. Easton Pub. Co., 483 A.2d 1377, 1383 (Pa. Super. 1984). To prevail on this claim, Miss Truong would have had to allege sufficient factual matter to show that (1) there was an intentional intrusion; (2) upon her solitude or seclusion, or her private affairs or concerns; and (3) that the intrusion was substantial; and (4) highly offensive. Clegg v. Falcon Plastics, Inc., 174 Fed. Appx. 18, 28 (3d Cir. 2006) (citing Larsen v. Philadelphia Newspapers, Inc., 543 A.2d 1181, 1186-1187 (Pa. Super. 1988)). Comment "a" to Section 652B reinforces that an action pursuant to this section "does not depend upon any publicity given to the person whose interest is invaded or to her affairs." Tagouma, 2010 Pa. Super. LEXIS 2099, *8. The invasion may be by physical intrusion into a place where the plaintiff has secluded herself, by use of the defendant's senses to oversee or overhear the plaintiff's private affairs, or by some other form of investigation or examination into the plaintiff's private

8

concerns. See Comment "b" to § 652B. The defendant is subject to liability under Section 652B only when it has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about her person or affairs. See Comment "c" to § 652B; see also Harris, 483 A.2d at 1383.

Miss Truong has failed to state a claim for intrusion upon seclusion. The facts alleged do not reveal that the defendant obtained any information about Miss Truong by means of intentional intrusion. The Third Circuit Court of Appeals emphasized that a defendant commits an intentional intrusion only if it believes, or is substantially certain, that it lacks the necessary legal or personal permission to commit the intrusive act. O'Donnell v. United States, 891 F.2d 1079, 1083 (3d Cir. 1989). The amended complaint alleges that the defendant violated the sanctity of the patient-physician relationship when its representative was present during the Worknet physician's examination of Miss Truong. The record reflects, however, that the defendant's representative was present at Miss Truong's examination with her permission. See Am. Compl. Exh. G. Accordingly, there can be no invasion under these circumstances. Further, a reasonable person would not find offensive the presence of the defendant's representative especially where the representative had been granted permission to be present by the plaintiff.

I also point out that the Superior Court of Pennsylvania recently noted that a workers' compensation claimant has a diminished expectation of privacy. Tagouma, 2010 Pa. Super. LEXIS 2099, *9. In Tagouma, the plaintiff fell at work and injured his

9

right hand. Id. at *1. He was later diagnosed with Reflex Sympathetic Dystrophy Syndrome and filed a claim for workers' compensation benefits which the employer contested. Id. The employer's workers' compensation carrier retained a private investigator to perform surveillance on the plaintiff. The plaintiff, who had been videotaped while worshiping in his mosque, brought an action for invasion of privacy. Id. at *2-4. In determining that a workers' compensation claimant must expect reasonable investigation resulting in his interest in privacy being circumscribed, the court quoted the Supreme Court of Pennsylvania's pronouncement in Forster v. Manchester, 189 A.2d 147 (Pa. 1963):

> It is not uncommon for defendants in accident cases to employ investigators to check on the validity of claims against them. Thus, by making a claim for personal injuries appellant must expect reasonable inquiry and investigation to be made of her claim and to this extent her interest in privacy is circumscribed. It should be noted that all of the surveillances took place in the open on public thoroughfares where appellant's activities could be observed by passers-by. To this extent appellant has exposed herself to public observation and therefore is not entitled to the same degree of privacy that she would enjoy within the confines of her own home.
>
> Moving to the question of whether [the investigator's] conduct is reasonable, we feel that there is much social utility to be gained from these investigations. It is in the best interests of society that valid claims be ascertained and fabricated claims be exposed.

Id. Likewise, as a workers' compensation claimant, Miss Truong had a diminished expectation of privacy, and should have expected reasonable investigation into her claims

resulting in her interest in privacy being circumscribed. The defendant is self-insured for workers' compensation claims, and it was reasonable for the defendant to ascertain the validity of those claims against it.

Accordingly, I will grant the defendant's motion to dismiss Count VII on the merits.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANH TRUONG, et al., | : | CIVIL ACTION |
|     Plaintiffs | : | |
| | : | |
| v. | : | NO. 09-3348 |
| | : | |
| DART CONTAINER CORP., | : | |
|     Defendant | : | |

## O R D E R

**AND NOW,** this   10th       day of November, 2010, after review of the merits of Counts VI and VII of the amended complaint, I find that the plaintiffs have failed to state claims for defamation and invasion of privacy upon which relief can be granted. Accordingly, the defendant's motion to dismiss those claims on the merits is GRANTED in its entirety.

The Clerk of Court shall mark this case CLOSED for all purposes.

                                              BY THE COURT:

                                               /s/ Lawrence F. Stengel
                                              LAWRENCE F. STENGEL, J.